**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **Magnesium Machine, LLC** | |
| **Plaintiff,** | **Miscellaneous Action** |
| **v.** | **No.**   MC-19-9-PRW |
| **Terves, LLC,** | |
| **Defendant.** | |

**OBJECTION TO AND MOTION TO QUASH TERVES' OHIO LITIGATION
SUBPOENAS SERVED ON NONPARTIES**

Magnesium Machine, LLC ("Magnesium Machine") pursuant to Fed. R. Civ. P. 45, hereby files this miscellaneous action, objecting to and moving to quash the subpoenas Terves, LLC ("Terves") served on Magnesium Machine, LLC, Protek Systems, LLC, Bradley Machine, LLC, and KLX Energy ("Subpoenaed Entities"). Terves' subpoenas to the nonparty Subpoenaed Entities were issued from the United States District Court of the Northern District of Ohio, in Case No. 1:19-CV-1611-DC ("Ohio litigation").  In support of its Motion, Magnesium Machine states the following:

**RELEVANT FACTS**

1.     Magnesium Machine is an Oklahoma limited liability company with its principal offices in Marlow, Oklahoma and is engaged in the business of developing products and methods for degrading and degradable downhole tools used in the oil and gas industry.

2.      Magnesium Machine has invested significant financial resources and time in researching and developing numerous proprietary applications to address technical issues associated with the manufacture, use, and operation of magnesium alloy-based downhole tools.

3.      On July 15, 2019, Terves filed a patent infringement suit against Ecometal, Inc., Magnesium Machine's supplier of magnesium, Ecometal's principal, Mr. Nick Yuan, and an unrelated party Yueyang Aerospace New Materials Co. Ltd.  That case is styled as *Terves LLC v. Yueyang Aerospace New Materials Co., Ltd. et al.*, United States District Court of the Northern District of Ohio, Case No. 1:19-cv-01611 ("Ohio litigation").

4.      The Ohio litigation alleges Yuenyang Aerospace New Materials Co, Ltd, Ecometal, Inc., and Nick Yuan ("Ohio Defendants") infringed on two patents held by Terves.  Terves owns patents related to dissolvable magnesium and alleges the Ohio Defendants are supplying and/or manufacturing similar products.

5.      Terves has subpoenaed multiple nonparties, including Protek Systems, LLC (*see* Exhibit 1), Magnesium Machine, LLC (*see* Exhibit 2), Bradley Machines, LLC (*see* Exhibit 3) and KLX Energy Services (*see* Exhibit 4) (the "Subpoenas").  The Subpoenaed Entities all had some business dealings with Magnesium Machine.  The Subpoenas specifically request information related to Magnesium Machine. *See* Exs. 1-4.

6.      Ostensibly, the reason for Terves' incredibly broad subpoenas is to gain information regarding and related to Dissolvable Casting.  However, the information sought has absolutely no bearing on whether or not the two Terves patents have been infringed by the Ohio Defendants.  Instead, Terves is attempting to abuse the process of

discovery allowed in litigation to essentially gain trade secrets of its competition, Magnesium Machine, who is not even a party to the Ohio litigation. *See* Exs. 1-4.

**ARGUMENT AND AUTHORITY**

## I.      Federal Rule of Civil Procedure 45 permits the Court to quash the Terves' subpoenas.

Rule 45 of the Federal Rules of Civil Procedure authorizes a court to enforce, quash, or modify a subpoena under certain circumstances. Fed. R. Civ. P. 45(d). Specifically, a court "*must* quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter . . . .or (iv) subjects a person to undue burden." *Id.* § 45(d)(3)(A) (emphasis added).  The court in its discretion is "permitted" to quash or modify a subpoena when the subpoena requires disclosure of "other confidential research, development, or commercial information…" *Id.* § 45(d)(3)(B)(i).

## II.      The information sought is not relevant.

Terves seeks a sample of Dissolvable Castings, as well as formulas, compositions, and business records, related to Dissolvable Castings.  However, this information does not have "any tendency to make a fact more or less probable" in the Ohio litigation, nor is the "information of consequence in determining the [Ohio] action." Fed. R. Ev. 401.  Terves is using the process of discovery in its patent infringement case to obtain information it can use for its own business purposes, to the detriment of nonparties. *See* Exs. 1-4. The Subpoenaed Entities should not be forced to comply with Subpoenas issued for such a disingenuous purpose.

### III.    The Subpoenas seek trade secrets, and confidential research, development and commercial information.

Terves has crafted the nine items of inquiry on the Subpoenas to seek the trade secrets, confidential research, development and commercial information held by Magnesium Machine.  When a subpoena seeks such information, the entity affected has the right to request the Court quash the subpoena. Fed. R. Civ. Pro. 45(d)(3)(B)(i). Magnesium Machine holds patents and information related to prior and ongoing research which Terves would find applicable to its own business dealings.  In an effort to obtain this information, and likely with the intent to use it to its competitive advantage, Terves has issued the Subpoenas at issue.  This Court should quash the subject Subpoenas in accord with Federal Rule 45.

While typically the party with standing to quash would be the subpoenaed party alone, the confidential and proprietary nature of the items sought, and Magnesium Machine's interest that such information remain private, gives Magnesium Machine standing to challenge the Subpoenas.  *Shutrump v. Safeco Ins. Co. of Am.*, No. 17-CV-0022-CVE-TLW, 2017 WL 3579211, at *2 (N.D. Okla. Aug. 18, 2017) ("Generally, absent a claim of privilege, personal interest or proprietary interest, a party lacks standing to quash a subpoena served on a third party."); *see also, Howard v. Segway, Inc.*, Case No. 11-CV-688-GKF-PJC (N.D. Okla. July 18, 2012).

### IV.    The Subpoenas seek information specifically designated as confidential.

Compliance with items 8 and 9 of the Subpoenas would require the Subpoenaed Entities to produce a confidential agreement which contains trade secrets.  (It should be

noted that in violation of the confidential agreement with Magnesium Machine, Bradley

Machines produced a copy of the confidential agreement to Terves.  After which, the other

subpoenas were issued by Terves.  From review of the Subpoenas, Terves may have used

some of the information gleaned from the confidential agreement to determine the items to

list in the Subpoenas.)  The confidential agreement, which would generally be responsive

to the Subpoenas, includes the language:

> 3.1     Confidentiality/Exceptions. The Parties will keep confidential the specific terms, conditions, provisions, and negotiation of this Agreement, except that the terms, conditions, provisions, and negotiation of this Agreement may be disclosed or characterized as follows:
>
>> 3.1.1   By any Party to current or future directors, members, officers and employees (as necessary to ensure compliance with this Agreement);
>>
>> 3.1.2   By any Party when needed to respond to any valid order of any court or administrative or regulatory agency of competent jurisdiction with the statutory power to compel such disclosure, or in response to a valid subpoena or discovery request;
>>
>> 3.1.3   By any Party in confidence to its attorney(s), insurers, accountants, spouse, financial advisors, or auditors;
>>
>> 3.1.4   By any Party to enforce the terms of this Agreement; or
>>
>> 3.1.5   By written agreement of the parties.
>
> 3.2     Disclosure. In the case of a disclosure under Section 3.1.2, at least twenty (20) days prior to making such disclosure when possible or reasonable under the circumstances, where legally permissible, the Party shall notify the other Party and shall deliver a copy of such subpoena discovery request, and/or order to the other Party(ies) to afford it the opportunity to seek a protective order or other appropriate remedy against disclosure. If asked about the Lawsuit or the dismissal thereof,

the Parties shall respond that the Lawsuit was mutually resolved.[1]

The Court should quash the production of the not relevant and confidential agreement.  **The information sought is unduly burdensome and economically destructive to the nonparty Magnesium Machine's businesses**.

The Subpoenaed Entities are not party to the Ohio litigation.  The burden of gathering, analyzing, and producing the information and tangible items listed in the Subpoenas is unduly burdensome.  Compliance would force the Subpoenaed Entities to review multitudes of documents, involve counsel in evaluating the items for production, and cause the Subpoenaed Entities to incur unknown costs, simply to provide Terves with information that is not relevant to the Ohio litigation but instead, meant to force the Subpoenaed Entities to produce information beneficial to Terves' own business.

When a Court is determining whether a subpoena is overbroad and unduly burdensome, it will consider the burden of compliance as compared to the benefit of production. *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004) (citations omitted); *see also* In re *Coordinated Pretrial Proceedings, Etc.*, 669 F.2d 620, 623 (10th Cir. 1992).  Whether a subpoena imposes an undue burden is a case-specific inquiry "that turns on such facts as relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Bradbury Co. v. Teissier-*

---

[1]    Magnesium Machine is willing to submit the subject confidential agreement under seal at the request of the Court.

*duCros*, *et al.*, Case No. 03-1391-WEB, 2005 WL 2972323, *3 (D. Kan. Nov. 3, 2005) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662 (D. Kan. 2003)); *see also Linder v. Calero-Portocarrero*, 180 F.R.D. 168, 174 (D.D.C. 1998). Also relevant to this inquiry is the status of a person as a nonparty. *Bradbury Co.* at *3. *See also Wiwa v. Royal Dutch Petro. Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."). The Subpoenas should be quashed because they are unduly burdensome on the Subpoenaed Entities.

## V. Furthermore, the information sought is protected by attorney client privilege and/or the work product doctrine.

In items 8 and 9 of the Subpoenas, Terves seeks information that would include the production of attorney client privileged information and/or information protected by the work product doctrine. The nonparty Subpoenaed Entities should not be forced to comply with such a request that is clearly being used to obtain information for Terves' own business purposes.

## CONCLUSION

WHEREFORE, based on the foregoing, Magnesium Machine, LLC, respectfully objects to and requests that this Court issue an order quashing Terves' Subpoenas and further prohibiting such discovery involving Magnesium Machine henceforth.

Respectfully submitted,

Daniel V. Carsey, OBA No. 21490
Jacqueline M. McCormick, OBA No. 31640
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
(405) 553-2328 (o)
(405) 553-2855 (f)
dcarsey@hallestill.com
jmccormick@hallestill.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 3rd day of December, 2019, a true and correct copy of the above and foregoing was electronically transmitted to the Clerk of the Court and courtesy copies were sent via email and First Class Mail, postage prepaid, to the following:

Stephen H. Buzin
Buzin Law Office
215 N. 4th St.
PO Box 609
Chickasha, OK 73023
buzinlaw@swbell.net
***Attorney for Bradley Machine & Design, LLC***

Matthew J. Cavanagh
David B. Cupar
McDonald Hopkins LLC
600 Superior Ave., East, Ste. 2100
Cleveland, OH 44114
mcavanagh@mcdonaldhopkins.com
***Attorney for Terves LLC***

Douglas J. Sorocco
Jordan Sigale
Evan W. Talley
Dunlap Codding PC
609 W Sheridan Ave.
Oklahoma City, OK 73102
dsorocco@dunlapcodding.com
jsigale@dunlapcodding.com
etalley@dunlapcodding.com
*and*
Steven J. Forbes
Norchi Forbes
210 Commerce Park IV, 23240 Chagrin Blvd.
Cleveland, OH 44122
sforbes@norchilaw.com
***Attorneys for Ecometal Inc. and Nick Yuan***

Diana M. Sangalli
Duane Morris LLP
Las Cimas IV
900 S. Capital of Texas Hwy, Ste. 300
Austin, TX 78746
dmsangalli@duanemorris.com
***Attorney for KLX Energy Services, LLC***

Wayne Paul Frank
The Frank Law Firm, PLLC
1017 William D. Tate Ave., Ste. 110
Grapevine, TX 76051
wpfatty@aol.com
***Attorney for Protek Systems, LLC***

Jacqueline M. McCormick