UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Magnesium Machine, LLC, ) | |
| ) | Case No. 5:19-mc-00009-PRW |
| Plaintiff, ) | |
| ) | Judge Patrick R. Wyrick |
| vs. ) | |
| ) | |
| Terves LLC, ) | |
| ) | |
| Defendant. ) | |

**TERVES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
OBJECTION AND MOTION TO QUASH, WITH BRIEF IN SUPPORT**

Defendant Terves LLC ("Terves") hereby submits the following Response in Opposition to the Objection and Motion to Quash Terves' Ohio Litigation Subpoenas Served on Non-Parties (the "Motion") (Doc. No. 1) filed by plaintiff Magnesium Machine, LLC's ("MMP,")[1] and shows the Court as follows:

## Introduction

While MMP bears a "heavy burden" of quashing Terves' subpoena that seeks relevant evidence for its Ohio patent case, MMP's motion does not include any testimonial or documentary evidence. As such MMP's claims of trade secrets, confidential information, and privilege are completely unsupported. Without evidentiary support, Courts routinely deny such motions.

---

[1] Magnesium Machine, LLC goes by the acronym "MMP." (*See* Terves' Am. Complaint ¶ 39, attached as Exhibit 1.)

{8567593:2 }

Courts also deny motions to quash on trade secret grounds when, as here, there is a Court-ordered Protective Order under which information can be designated Outside Attorneys' Eyes Only (which keeps any purported trade secret information shielded from the parties themselves). As to MMP's privilege objection, that is not a proper legal basis for quashing a subpoena. Rather, the appropriate solution is for MMP to provide a privilege log for any documents withheld on that basis.

MMP also provides no evidence whatsoever as to its claim that responding to Terves' subpoena is an undue burden. Indeed, the few steps it identifies in its motion that it would need to take to respond are common and Courts do not find them to be "undue." MMP also rejected Terves' letter request that MMP identify the specific burdens it faces to comply with the subpoena, which Terves sent to try and resolve that objection. (*See* December 9, 2019 Letter to MMP Counsel, attached as Exhibit 2; December 13, 2019 Response Letter, attached as Exhibit 3.)

MMP's closely aligned business interest with the defendants in the Ohio case (the "Ohio Defendants")[2] also supports denial of its motion. Terves seeks samples and documents for the dissolvable magnesium that MMP purchased from the Ohio Defendants and that is the subject of the patent infringement dispute in the Ohio Action. Because MMP is now in possession of the allegedly infringing

---

[2] The Ohio Defendants are identified by name in the next section.

material, Terves' subpoena is relevant and appropriate for MMP to respond to. The same is true for the other subpoenaed entities. Each purchases the allegedly infringing dissolvable magnesium out of China from the Ohio Defendants, so that it is appropriate for those entities to produce the accused materials themselves for testing and to produce records (including specifications and composition records) about those materials for Terves to evaluate whether those accused materials infringe based on that evidence.

Therefore, the Court should deny MMP's motion and compel it to produce the documents and samples requested in Terves' subpoena.

## **Background**

Terves owns patents on unique dissolvable magnesium materials and sells those materials to companies that manufacture dissolvable drilling tools for use in fracking. (Exhibit 1, Terves' Am. Complaint.) Terves sued after learning that a Chinese company named Yueyang Aerospace New Materials Co. Ltd. ("Yueyang") makes and imports into the United States a dissolvable magnesium material that Terves believes infringes its patents. (*Id.* at ¶¶ 9, 28-31.) The two other defendants, Ecometal Inc. and Nick Yuan, are both in Canada and work closely with Yueyang to import the allegedly infringing materials from China into the United States (collectively, the "Ohio Defendants"). (*Id.* at ¶¶ 3-7, 25-27.) Terves has sued the Ohio Defendants for patent infringement on two Terves' patents.

Terves' investigation determined that the Ohio Defendants were (and are) importing the accused magnesium materials into the U.S. and shipping them to MMP in Oklahoma. For example, Terves obtained a customs record that shows MMP has worked with the Ohio Defendants to import a container of the allegedly infringing dissolvable magnesium worth over $80,000. (Exhibit 1, Terves' Am. Complaint at Ex. C., Bill of Lading.) The customs record identifies the consignee of the allegedly infringing product as "MMP ECOMETAL." (*Id.*) There's no dispute that "MMP" is the same MMP here because the address is Chickasha, Oklahoma, which is where MMP has a business presence. Thus, MMP receives the very material accused of infringement in the Ohio case, so that the subpoenaed samples and records are directly relevant to the Ohio case.

Another nonparty, Bradley Machine & Design, LLC ("Bradley Machine,") responded to its subpoena by stating that MMP is the entity that has the records and samples that Terves seeks.[3]

Based on this information, Terves served MMP a subpoena seeking samples and documents of the dissolvable magnesium that it purchased from the Ohio Defendants. (*See* Doc. No. 1-2, Subpoena for Production of Documents attached as

---

[3] MMP has designated the subpoena response from Bradley Machine in response to Terves' subpoena as "Attorneys' Eyes Only" under the Protective Order in the Ohio case, which is why Terves is not filing Bradley Machine's response with this opposition. If the Court desires to see Bradley Machine's response, then Terves will provide it to the Court under seal or in whatever manner the Court desires.

Exhibit 2 to MMP's Motion.) MMP is in the unique position of having the samples and underlying documents to definitively establish that the dissolvable magnesium it purchases from the Ohio Defendants infringes the Terves' patents.

MMP, however, has refused to cooperate to produce a single sample or document. Indeed, MMP filed its motion without first satisfying the meet-and-confer requirement contained in Local Rule 37.1 before seeking the intervention of the Court.[4] Even after learning of MMP's untimely motion, Terves made a good faith effort to meet-and-confer with MMP to reach a reasonable solution. (*See* December 9, 2019 Letter to MMP Counsel, attached as Exhibit 2.) However, instead of attempting to confer to resolve or limit the scope of the dispute, MMP chose to "stand[s] by the arguments" in its motion. (*See* December 13, 2019 Response Letter, attached as Exhibit 3.)

---

[4] In its December 13, 2019, letter in response to Terves' counsel's attempt to meet-and-confer, MMP claimed its communications with Terves' counsel concerning a separate third-party subpoena to Bradley Machine satisfies its obligations under Local Rule 37.1. Those communications, however, concerned <u>only</u> MMP's objection that Bradley Machine had produced (without restriction) an allegedly confidential settlement agreement in response to the subpoena. The attorneys' talks led to Terves marking the Bradley Machine subpoena response as AEO under the Protective Order in the Ohio case. Although MMP is inexplicably still dissatisfied with Terves' efforts with respect to the Bradley Machine subpoena, MMP has never attempted to confer about the objections that it raises in the present motion, and MMP rejected Terves' post-filing attempts to confer. If MMP had bona fide concerns and conferred with Terves about them, Terves believes the parties could have resolved the objections or at least narrowed the scope of the issues before the Court.

The Court should summarily deny MMP's Motion due to its failure to satisfy the certification requirements of Local Rule 37.1 and failure to confer in good faith with Terves' counsel in an effort to resolve the parties' dispute regarding the subpoena prior to filing the pending Motion. See LCvR37.1 ("With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, this court shall refuse to hear any such motion or objection unless counsel for movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord.").

Even if the Court is inclined to overlook MMP's failure to comply with Local Rule 37.1, the Motion must nonetheless be denied. As set forth below, the law strongly supports denying MMP's motion and compelling it to produce the relevant documents and samples sought by Terves.

## **Argument**

A. **MMP Can Protect Any Purported Trade Secret or Confidential Information by Protective Order**

MMP first incorrectly argues that Terves' subpoena is not relevant. (Doc. No. 1, Mot. at 3.) The subpoena seeks samples (called "Dissolvable Castings" in the subpoena) and records about the accused materials' processing, specifications, composition, and other records concerning those materials that are relevant to proving infringement in the Ohio case. (*See* Doc. No. 1-2, MMP Subpoena,

attached as Exhibit 2 to MMP's Motion.) The purpose of the subpoena is simply to determine whether the products that the Ohio Defendants shipped to MMP infringe Terves' patents. (*See* Exhibit 1, Terves' Am. Compl. at ¶¶ 39-44 (identifying that Ohio Defendants ship the infringing material to MMP in Oklahoma).) Indeed, MMP's motion admits that Ecometal (one of the Ohio Defendants) supplies magnesium to MMP. (*See* Doc. No. 1, Motion at 2, ¶ 3.) Because MMP now possesses the accused products and documents concerning the purchase from the Ohio Defendants, the subpoena is relevant.[5]

MMP next argues that the responsive documents purportedly include trade secrets and confidential information. (Doc. No. 1, Mot. at 4-6.) MMP, however, provided no testimonial or documentary evidence to support its claim of the existence of a trade secret. *Mgmt. Comp. Grp. Lee, Inc. v. Oklahoma State Univ.*, No. CIV-11-967-D, 2011 WL 5326262, at *1, *3 (W.D. Okla. Nov. 3, 2011) ("MCGL") (denying motion to quash when nonparty does not establish "particularly heavy burden [for full quash of subpoena] as contrasted to a party seeking only limited protection"). This is especially true, for example, for the "Dissolvable Castings" samples that MMP makes using the materials it purchases from the Ohio

---

[5] The relevance of this evidence to Terves' patent case rebuts MMP's unsupported speculation that Terves' wants the evidence "for its own business purposes." The fact that MMP could produce the evidence under the Protective Order as AEO further rebuts MMP's speculation, since Terves' would not have access to the evidence.

Defendants, which MMP presumably sells to customers without a confidentiality requirement. (Doc. No. 1-2, MMP Subpoena at p. 5, Request No. 1.) Therefore, MMP has not met its "heavy burden" to support the drastic remedy sought in its motion.

Even assuming *arguendo* that MMP's documents include trade secret or confidential information, the appropriate approach then is to designate and produce them as Confidential or Attorneys' Eyes Only ("AEO") under the Ohio Protective Order. Indeed, the Ohio federal court and the parties foresaw the type of confidentiality objection that MMP has raised, and specifically extended the Protective Order to cover materials produced by "non-parties" to proactively resolve the type of confidentiality objection raised by MMP. (*See* Exhibit 4, Ohio Court's Protective Order at ¶ 12.)

Asserting trade secret is not a proper basis for quashing a subpoena. *See Naerebout v. IBP, Inc.*, Civ. A. No. 91-2254-L, 1992 WL 754399, at *13 (D. Kan. Aug. 19, 1992) ("That the requested information is confidential or constitutes trade secret does not preclude its discoverability. It may occasion a protective order to restrict its use."); *see also* Fed. R. Civ. P. 45(c)(3)(B)(i) (allowing that trade secrets or confidential information be produced "only in a specified way," *i.e.*, under protective order);

Courts agree that producing trade secrets under an AEO designation of a Protective Order strikes the right balance between one's trade secret rights and a party's need for discovery. For this reason, courts routinely order production of evidence that is claimed trade secret under a Protective Order as opposed to the harsh relief of entirely quashing a subpoena and denying a party access to relevant evidence needed for its case. *See, e.g.*, *Taiyo Int'l, Inc. v. Phyto Tech Corp.*, 275 F.R.D. 497, 501 (D. Minn. 2011) (where AEO designation is available "even a very sensitive trade secret will be sufficiently protected and should be produced if relevant"); *1221122 Ontario Ltd. v. TCP Water Solutions, Inc.*, No. 10 C 4942, 2011 WL 2516531, at *5 (N.D. Ill. June 23, 2011) (finding protective order with AEO provision "give[s] 'sufficient protection' to the parties' trade secrets during the discovery process"); *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 943 (N.D. Tex. 2017) (subpoenaed non-party could not show a danger of disclosing trade secrets or other confidential information "that cannot be adequately addressed by production subject to the Stipulated Amended Protective Order"); *Dr. Greens, Inc. v. Spectrum Labs., LLC*, No. 12-MC-226-KHV-GLR, 2012 WL 3111746, at *3 (D. Kan. July 31, 2012) ("There is no absolute privilege for trade secrets and similar confidential information" and "production of trade secrets or other similar confidential information can be adequately protected under an 'Outside Attorneys Eyes Only' protective order"); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-

2591-JWL, 2017 WL 1106257, at *14 (D. Kan. Mar. 24, 2017) (Monsanto could not establish "clearly defined" or "very serious" injury from production as opposed to AEO designation).

Indeed, the confidentiality term of the settlement agreement that Bradley Machine produced to Terves—and which MMP quotes from in its motion—specifically identifies a "protective order" as a mechanism by which that agreement could be produced in response to a "subpoena discovery request." (Doc. No. 1, Mot. at 5.)

Thus, MMP's objection can be cured by having it produce the documents under an AEO designation. Doing so would give access only to "outside counsel" and properly-designated independent experts, and would protect against Terves' employees seeing the information. (*See* Exhibit 4, Protective Order.)

MMP should be ordered to produce the requested documents and, if appropriate, to designate them in accordance with the Ohio Protective Order.

**B.    MMP Mistakenly Identifies
       <u>Typical Subpoena Response Steps as an "Undue Burden"</u>**

MMP next incorrectly argues that responding to the subpoena would be "unduly burdensome and economically destructive." (Doc. No. 1, Mot. at 6-7.) Its motion, however, fails to provide a shred of evidence to support that claim. Courts deny such unsupported motions on that basis. *Ford Motor Co.*, 316 F. Supp. 3d at 933 ("moving party opposing discovery must show how the requested discovery

was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.")

Indeed, MMP's own recitation of the response steps it would have to take are common and *not* an undue burden. MMP states that responding would require: (1) reviewing "multitudes of documents", (2) involving "counsel in evaluating the items for production", and (3) "the Subpoenaed Entities to incur unknown costs." (Mot. at 6.) These are common steps and fall well short of establishing "undue burden" protection under Fed. R. Civ. P. 45(d). *See MCGL*, 2011 WL 5326262, at *4 (no undue burden where nonparty has to review 6,571 documents, screen for privilege & confidentiality, spend $1,761.24, and use 55 hours of in-house time).

MMP then uses these same, unsupported arguments to contend that the cost/benefits weigh in favor of granting its motion. (Doc. No. 1, Mot. at 6.) The benefit of responding to the subpoena is clear: that evidence assists the Court in the Ohio case to determine whether the products MMP purchased from the Ohio Defendants infringes the Terves' patents. In contrast, MMP did not present any evidence of any cost, its purported confidential or trade secret protection would remain protected, and its accusation against Terves that it will use this information for its own business interest is false. Therefore, the benefits exceed the cost.

Moreover, after MMP moved to quash the subpoena, Terves asked MMP to provide specifics about the undue burden that it faced, so that the parties could

"brainstorm ways to reduce the burden on MMP." (*See* Exhibit 2.) MMP ignored that request, which further demonstrates the objection is boilerplate and not valid. (*See* Exhibit 3.)

Because MMP has not shown a specific undue burden that would justify quashing a subpoena that seeks relevant evidence, the Court should deny MMP's motion.

**C.     For Any Purportedly Privileged Documents,
        MMP Should Produce a Privilege Log**

MMP objects only to Request 8 and 9 on privilege and work product grounds. (Doc. No. 1, Mot. at 7.) Requests 1-7 therefore are not subject to this objection and MMP should respond to those requests in full.

As for Requests 8-9, MMP again has provided no evidence to support its heavy burden of quashing those requests on privilege grounds. Instead, if MMP believes there are purportedly privileged documents, then it should identify those documents in a privilege log and serve it on Terves. *MCGL*, 2011 WL 5326262, at *5 (Court ordering nonparty to produce a privilege log identifying any documents withheld on privilege grounds).

### D. MMP's Shared Interest with the Ohio Defendants and Other Subpoenaed Entities Supports Compelling Production

MMP claims that it has "standing" to argue the subpoenas for Protek Systems, Bradley Machine, and KLX Energy ("Subpoenaed Entities") because of the apparently common "nature of the items sought." (Doc. No. 1, Mot. at 4.)

MMP's argument supports denying its motion and compelling production. This is because the Subpoenaed Entities—like MMP—each have a business (and potential financial) interest with the Ohio Defendants. The Ohio Defendants' supply from China potentially infringing dissolvable magnesium to the Subpoenaed Entities. The Subpoenaed Entities are in the same business of making tools out of dissolvable magnesium. This type of aligned interest further supports a lack of undue burden and compelling response to a subpoena. *See MCGL*, 2011 WL 5326262, at *4 (nonparty "has a financial interest in the outcome of the litigation" which supports no undue burden). They are not strangers to the Ohio case, but instead have a direct financial interest in it, such that requiring some work on their part to respond to a relevant subpoena is neither unfair nor undue.

It costs a fraction for MMP and the Subpoenaed Entities to buy dissolvable magnesium from the Ohio Defendants out of China than it would to purchase the patented version of that product from a U.S. business, such as Terves. If the materials supplied by the Ohio Defendants to MMP or to the Subpoenaed Entities infringe, then the Ohio Court could enjoin the Ohio Defendants and that outcome

could affect MMP and the Subpoenaed Entities.[6] Thus, MMP and the Subpoenaed Entities' status in having a closely aligned business interest with the Ohio Defendants is not a basis for quashing the subpoena. Rather, it is a basis for denying the motion and compelling MMP and the other Subpoenaed Entities to produce the relevant evidence in their possession.

## Conclusion

For the foregoing reasons, the Court should deny MMP's objection and motion to quash Terves' Ohio Litigation Subpoenas served on nonparties.

---

[6] This could be MMP's motivation behind refusing to respond to its subpoena, which would be improper. If MMP's documents show that the materials obtained by MMP from the Ohio Defendants do not infringe, then Terves doubts MMP would have filed this motion. Instead, the evidence would be exonerating, and MMP would be eager to produce it to continue buying low-cost material from China. The fact that it protests so strongly suggests that the evidence incriminates the Ohio Defendants and the material they ship to MMP.

                                        Respectfully submitted,

Dated: November 14, 2020                /s/ Matthew J. Cavanagh
                                        David B. Cupar (OH 0071622)*
                                        Matthew J. Cavanagh (OH 0079522)*
                                        McDonald Hopkins LLC
                                        600 Superior Avenue, East, Ste. 2100
                                        Cleveland, Ohio 44114
                                        t 216.348.5400 | f 216.348.5474
                                        dcupar@mcdonaldhopkins.com
                                        mcavanagh@mcdonaldhopkins.com

                                        and

                                        David A. Elder, OBA # 20687
                                        Matthew W. Brockman, OBA # 22077
                                        Michael P. Whaley, OBA # 33640
                                        HARTZOG CONGER CASON
                                        201 Robert S. Kerr Avenue, Suite 1600
                                        Oklahoma City, Oklahoma 73102
                                        (405) 235-7000 | (405) 996-3403 (fax)
                                        delder@hartzoglaw.com
                                        mbrockman@hartzoglaw.com
                                        mwhaley@hartzoglaw.com

                                        *Counsel for Terves LLC*

                                        * admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based upon the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Daniel V. Carsey – dcarsey@hallestill.com
    Jacqueline M. McCormick – jmccormick@hallestill.com
    Stephen H. Buzin – buzinlaw@swbell.net
    Diana M. Sangalli – dmsangalli@duanemorris.com
    Wayne Paul Frank – wpfatty@aol.com
    Douglas J. Sorocco – dsorocco@dunlapcodding.com
    Jordan Sigale – jsigale@dunlapcodding.com
    Evan W. Talley – etalley@dunlapcodding.com
    Steven J. Forbes – sforbes@norchilaw.com

                                        /s/ Matthew J. Cavanagh
                                        Matthew J. Cavanagh