IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Magnesium Machine, LLC**  **Plaintiff,**  v.  **Terves, LLC,**  **Defendant.** | Miscellaneous Action  No. 5:19-mc-00009-PRW |

**REPLY TO TERVES' RESPONSE IN OPPOSITION TO MOTION TO QUASH TERVES' OHIO LITIGATION SUBPOENAS SERVED ON NONPARTIES**

Pursuant to LCvR7.1(i), Magnesium Machine, LLC ("Magnesium Machine") hereby files this Reply to Terves LLC's Response in Opposition to Plaintiff's Objection and Motion to Quash, with Brief in Support [Doc No. 11] for the purpose of clarifying the record for the Court and underscoring the need to quash the subpoenas at issue. Magnesium Machine states as follows:

**Crux of Reply Argument**

Contrary to Terves' gratuitous accusation, that by filing a Motion to Quash, Magnesium Machine has somehow "incriminated" itself, Magnesium Machine's Motion to Quash was strategically filed to protect its rights and interests from being trampled on by a competitor in the market, Terves. *See*, Doc. 11, Footnote 6. In its Response, Terves claims it is innocently conducting discovery, when in reality it is a competitor engaging in a fishing expedition, submitting baseless accusations as fact to the Court.

Terves' representation that Magnesium Machine has not produced samples was either made with the intention of misleading the Court, or is simply disingenuous. In fact,

Magnesium Machine produced samples to Ecometals for the Ohio lawsuit in December 2019 and is now aware Terves knew the samples were produced and for some reason delayed in taking possession of them, contrary to its assertions in its filed Response. Since Terves has the samples requested by the Subpoenas in its possession, the Subpoenas and the issues raised in Terves' response should be deemed moot, granting Magnesium Machine's Motion to Quash.

**Material facts to correct the record for the Court**

Prior to Terves filing its Response on January 14, 2020, the following took place:

1. December 16, 2019: As part of the Ohio litigation, Ecometal advised Terves that it had figured out production of samples from Ecometal's customer, Magnesium Machine, and asked Terves to identify its testing lab, as well as have its consultant execute the Protective Order in place in the Ohio litigation.

2. December 19, 2019: Ecometal took possession of samples from Magnesium Machine.

3. December 20, 2019: Ecometal again requested Terves to identify its consultants and have its consultants execute the Protective Order so the Magnesium Machine samples could be produced.

4. December 23, 2019: Terves advised Ecometal that it had not yet identified consultants.

5. December 27, 2019: Terves filed a Motion to Compel in the Ohio litigation, acknowledging Ecometal obtained samples and was waiting on Terves to identify its consultants before producing the samples to Terves. *See*, Ex. 1, Terves' Motion to Compel

Discovery filed in Ohio litigation, p. 1, Footnote 1; Ex. 2, Terves' Memorandum in Support of Motion to Compel Discovery filed in Ohio litigation.

6. January 2, 2020: Terves identified its consultants in the Ohio litigation and forwarded an executed Protective Order to Ecometal.

7. January 10, 2020: Ecometal advised Terves the samples obtained are in "coupon" (hockey puck) form, the same form they were provided in by Magnesium Machine on December 19, 2019.

After Terves filed its Response on January 14, 2020, the following took place:

1. January 18, 2020: Again, Ecometal explained to Terves it obtained samples from Magnesium Machine.

2. January 28, 2020: After receiving no response from Terves, Ecometal again inquired about Terves' acceptance of the coupons. Terves then advised Ecometal it would accept the coupons.

3. January 29, 2020: The Magnesium Machine samples were sent to the lab and arrived on January 30, 2020.

**Conclusion**

If Terves' true intention in issuing the Subpoenas was to obtain the samples from Magnesium Machine, its delay in obtaining them from Ecometal is perplexing. Now that Terves has identified its consultants, produced an executed Protective Order, the samples have been sent to a lab, and Terves is aware that only Ecometal has documents related to the composition of the samples, the Subpoenas are essentially moot. Otherwise, the Subpoenas are not sought to exonerate competitors in the market, as claimed by Terves,

but instead intended to harass and wrongfully take proprietary information from non-parties to the Ohio litigation. For these reasons, along with those set forth in Magnesium Machine's Motion to Quash, the Court should grant the Motion and order the Subpoenas quashed. Alternatively, the Court should at least prohibit further discovery involving Magnesium Machine, without prejudice to Terves reissuing similar Subpoenas after testing of the samples is completed, if the results support the necessity of further discovery involving Magnesium Machine.

WHEREFORE, based on the foregoing, Magnesium Machine, LLC, respectfully objects to and requests that this Court issue an order quashing Terves' Subpoenas and further prohibiting such discovery involving Magnesium Machine.

Respectfully submitted,

*/s/ JMcCormick*

Daniel V. Carsey, OBA No. 21490
Jacqueline M. McCormick, OBA No. 31640
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
(405) 553-2328 (o)
(405) 553-2855 (f)
dcarsey@hallestill.com
jmccormick@hallestill.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of February, 2020, a true and correct copy of the above and foregoing was electronically served using the CM/ECF system to all CM/ECF registrants appearing in the above-styled matter, and courtesy copies were sent via email and First Class Mail, postage prepaid, to the following:

Stephen H. Buzin
Buzin Law Office
215 N. 4th St.
PO Box 609
Chickasha, OK 73023
buzinlaw@swbell.net
***Attorney for Bradley Machine & Design, LLC***

Matthew J. Cavanagh
David B. Cupar
McDonald Hopkins LLC
600 Superior Ave., East, Ste. 2100
Cleveland, OH 44114
mcavanagh@mcdonaldhopkins.com
***Attorney for Terves LLC***

Douglas J. Sorocco
Jordan Sigale
Evan W. Talley
Dunlap Codding PC
609 W Sheridan Ave.
Oklahoma City, OK 73102
dsorocco@dunlapcodding.com
jsigale@dunlapcodding.com
etalley@dunlapcodding.com
*and*
Steven J. Forbes
Norchi Forbes
210 Commerce Park IV, 23240 Chagrin Blvd.
Cleveland, OH 44122
sforbes@norchilaw.com
***Attorneys for Ecometal Inc. and Nick Yuan***

Diana M. Sangalli
Duane Morris LLP
Las Cimas IV
900 S. Capital of Texas Hwy, Ste. 300
Austin, TX 78746
dmsangalli@duanemorris.com
***Attorney for KLX Energy Services, LLC***

Wayne Paul Frank
The Frank Law Firm, PLLC
1017 William D. Tate Ave., Ste. 110
Grapevine, TX 76051
wpfatty@aol.com
***Attorney for Protek Systems, LLC***

/s/ JMcCormick
Jacqueline M. McCormick

5